IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NANCY JONES,
 EXECUTRIX OF THE ESTATE OF GOMER JONES,

  Plaintiff,

vs.                  Case No. 08-1011-JTM

LYNN COLE,

  Defendant.

---

LYNN COLE,

  Counter-claim Plaintiff,

vs.

NANCY JONES,
 EXECUTRIX OF THE ESTATE OF GOMER JONES,

and

NANCY JONES, Individually

  Counter-claim Defendants

MEMORANDUM AND ORDER

  This is a contest over the ownership of a Kansas corporation, Product Development Group Inc. (PDG). In 1984, Gomer Jones, the president and owner of PDG, agreed to sell 52% of the stock in PDG to defendant Lynn Cole. The plaintiff, Nancy Jones, is a former treasurer of the company and executor of the estate of her father, Gomer Jones. The

defendant, Lynn Cole later served as president of PDG. Plaintiff Nancy Jones argues that the stock that was the subject of the sale was never effectively transferred and remains the property of the estate. By counterclaim, Cole seeks a declaratory judgment that the stock is his, and seeks a judgment against Nancy Jones for breach of fiduciary duty.

The matter was tried to the court. At the conclusion of the plaintiff's evidence, Cole moved for judgment as a matter of law. After entertaining argument relating to the motion, the court determined that the defendant's motion should be granted. For the reasons stated at the conclusion of the trial, and as further provided herein, the court hereby grants judgment as a matter of law in favor of defendant Cole.

Judgment as a matter of law under Fed.R.Civ.Pr. 50(b) "should be cautiously and sparingly granted." *Black v. M & W Gear Co.*, 269 F.3d 1220, 1238 (10th Cir. 2001). Relief is appropriate only if the evidence, viewed in the light most favorable to the nonmoving party, "points but one way and is susceptible to no reasonable inferences supporting the party opposing the motion." *Sanjuan v. IBP, Inc.*, 275 F.3d 1290, 1293 (10th Cir. 2002). The court may not weigh the evidence, consider the credibility of witnesses, or substitute its judgment for that of the jury. *Turnbull v. Topeka State Hosp.*, 255 F.3d 1238, 1241 (10th Cir. 2001). Judgment as a matter of law is improper "unless the proof is all one way or so overwhelmingly preponderant in favor of the movant as to permit no other rational conclusion." *Crumpacker v. Kansas Dept. Of Human Res.*, 474 F.3d 747, 751 (10th Cir. 2007).

*Findings of Fact*

1. The court's earlier Findings, which set forth the actions of the parties and the texts of all relevant agreements, are adopted and incorporated herein. *See* Dkt. 28, at 3-10. Those findings are augmented here by additional factual findings or modifications to the court's earlier rulings regarding the admissibility of evidence. *See id.*, at 10-11.

2. On the 25th day of June, 1984, Gomer W. Jones agreed to sell Lynn Cole 52% of the stock in the financially-troubled Product Development Group, Inc. (PDG). Consistent with the sales agreement, Gomer Jones executed a Waiver of interests and a Bill of Sale.

3. The sale was confirmed at a public meeting of the PDG stockholders in November of 1984.

4. Gomer Jones publicly represented that a sale had occurred, expressing agreement in a newspaper on PDG's financial turnaround that Cole had acquired an interest in the company and had played an important role in the business.

5. Nancy Jones was the Treasurer of PDG, and swore under oath that the information contained in a Kansas Domestic Corporation Annual Report for PDG for the year ending on April 30, 1985, was correct in stating that Cole owned 272,340 shares of the corporation and Gomer Jones owning 251,390 shares of the corporation.

6. For over a decade, Gomer Jones and Nancy Jones agreed that Cole owned 52% of PDG. These representations occurred in financial statements, statements to banks, and court papers.

7. In 1993, the bank holding the stock certificates representing Cole's financial interest released them to Gomer Jones or PDG, where they were received by Nancy Jones.

8. Gomer Jones died on September 13, 1993.

9. At all relevant times, Nancy E. Jones was an officer of PDG, being either Treasurer or Secretary during the time after Lynn Cole became a stockholder and President of PDG and before the death of Gomer W. Jones. Nancy E. Jones was the administrative aide to her father, Gomer W. Jones, as well as Lynn Cole, whose duties involved entering all official records and transactions of the corporation into the books of the corporation and filing all corporate documents and personal papers.

*Conclusions of Law*

1. The Court finds as a matter of law that Gomer Jones and Lynn Cole entered into a valid contract to transfer 52% of the stock in PDG to Lynn Cole on June 25, 1984, and that this agreement was fully performed by both parties.

2. Nancy Jones served as Secretary and Treasurer of PDG, and as an officer of the corporation, she had a very strict fiduciary duty in her relations both to the corporation and to its shareholders. *Delano v. Kitch*, 542 F.2d 550 (10th Cir. 1976); *Ritchie v. McGrath*, 1 Kan.App.2d 481, 571 P.2d 17 (1977).

3. Nancy Jones further had a specific fiduciary duty to Lynn Cole, as another officer of PDG, of full and complete disclosure of all material facts surrounding the corporation. *Blakesley v. Johnson*, 227 Kan. 495, 503, 608 P.2d 908 (1980). This duty included the obligation to both ensure the effective transfer of stock shares and to communicate about such transfers.

4. The court further finds that an ownership interest in PDG was transferred to Lynn Cole through constructive delivery of 52% of the stock in PDG to Lynn Cole.

5. As stated by the Court in the Order of July 17. 2010, (Dkt. 28, at 12-14) in Kansas the common law doctrine of constructive delivery was expanded rather than displaced by the state's adoption of Article 8 of the UCC. *See* K.S.A. 84-1-103.

6. Constructive delivery exists where, even in the absence of any actual delivery, the parties act in a manner which is inconsistent with any conclusion other than that they intended a change in ownership. *Lakeview Gardens v. Schneider*, 221 Kan. 211, 216-217, 557 P.2d 1286, 1290 (1976). Constructive delivery of common stock may occur when immediate physical possession is impractical. *See* Order, at 14.

7. In the present case, immediate transfer of the stock at the time of the purchase agreement was not possible because it was held as collateral by a bank. The stock was later released to Gomer Jones, who had agreed to sell the stock to Cole. As noted earlier, the

stock was delivered to the PDG Treasurer, who had a strict fiduciary duty to both PDG and to Cole as chief operating officer, to transfer the stock, and to give notice of any problems. When Nancy Jones accepted the stock, and (along with her father) then consistently acted as if the stock sale had occurred and Cole owned 52% of the company, a constructive delivery occurred.

8. Alternatively, the court finds that the plaintiff is estopped from contesting the transfer of ownership to Cole.

9. Neither the formal transfer of such stock upon the stock book of the corporation, nor the issuance of certificates to the purchaser, is essential to the valid transfer thereof, as between the parties thereto, or those claiming under them. *Culp v. Mulvane*, 66 Kan. 143, Syl. ¶ 2, 71 P. 273 (1903). Transfer of stock from Gomer Jones to Cole was completed by the indorsement of Jones and by the execution of the agreements surrounding the sale.

10. The doctrine of estoppel prevents a party from taking a position in litigation which is contrary to an earlier position, where another person has relied on the earlier position to his detriment. *Sheldon v. Kansas Public Employees Retirement System*, 40 Kan.App.2d 75, 85, 189 P.3d 554, 562 (2008).

11. Estoppel applies also where the conduct of a party has the effect of lulling another into failing to take legal action until the statute of limitations has run. *Coffey v. Stephens*, 3 Kan.App.2d 596, 598, 599 P.2d 310, 312 (1979); *Bowen v. Westerhaus*, 224 Kan. at 48, 578 P.2d 1102; *Safeway Stores v. Wilson*, 190 Kan. at 14, 372 P.2d 551.

12. Cole was entitled to rely on Nancy Jones to fulfill her fiduciary duty to correctly maintain the company's books. He was further entitled to rely on the consistent public expressions of both Gomer and Nancy Jones that he did own 52% of PDG. Finally, he was entitled to rely on her silence as an indication that she complied with her fiduciary duty to correctly enter stock transfers in the company's books.

13. The court finds that the plaintiff's claim that Gomer Jones never relinquished the ownership of PDG is also barred by the doctrine of laches.

14. The doctrine of laches applies when a party neglects for an unreasonable and unexplained length of time to assert a claim or right, and the lapse of time and other circumstances cause prejudice to the adverse party. *Capitol Federal Savings & Loan Ass'n v. Glenwood Manor, Inc.*, 235 Kan. 935, 938, 686 P.2d 853 (1984).

15. Provisions of a corporation's bylaws, like any other contractual provision, may be waived. *Chung v. Park*, 377 F.Supp. 524, 529 (M.D.Pa.1974), *aff'd*, 514 F.2d 382 (3d Cir.), *cert. denied*, 423 U.S. 948 (1975). Corporate bylaws may be waived by a continued disregard thereof by the parties for whose benefit they were enacted. *Schraft v. Leis*, 236 Kan. 28, 35, 686 P.2d 865 (1984) (quoting 18 Am.Jur.2d, Corporations § 173, pp. 703-04).

16. Equity particularly disfavors unnecessary delays in advancing speculative claims to property. *Preston v. Kaw Pipe Line Co.,* 113 F.2d 311 (10th Cir. 1940).

17. Further, acquiescence is an important factor in determining whether there has been such laches as will bar recovery. *McKee v. McKee*, 154 Kan. 340, 343, 118 P.2d 544, 547 (1941).

18. Given the consistent acknowledgments by Gomer and Nancy Jones that Cole had acquired an ownership interest in PDG, the plaintiff's dilatory attempt to seize upon her own technical error in the recording of the stock transfer is barred by the doctrine of laches.

19. Because the court finds that the transfer of the stock was effective between the parties, it need not decide the contingent claim by the defendant against Nancy Jones for breach of duty. *Newton v. Hornblower*, 224 Kan. 506, 582 P.2d 1136 (1978).

IT IS ACCORDINGLY ORDERED this 3rd day of December, 2010, the court hereby grants judgment in favor of defendant.

                                                   s/ J. Thomas Marten
                                                   J. THOMAS MARTEN, JUDGE