IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NANCY JONES,
   EXECUTRIX OF THE ESTATE OF GOMER JONES,

   Plaintiff,

   vs.                                          Case No. 08-1011-JTM

LYNN COLE,

   Defendant.

LYNN COLE,

   Counter-claim Plaintiff,

   vs.

NANCY JONES,
   EXECUTRIX OF THE ESTATE OF GOMER JONES,

   and

NANCY JONES, Individually

   Counter-claim Defendants

MEMORANDUM AND ORDER

Following a trial, the court entered judgment in favor of defendant Lynn Cole in this contest over the ownership of the PDG Corporation. The matter is before the court on plaintiff Nancy Jones's Motion for New Trial[1] and on Cole's Motion for Attorney Fees.

As a general matter, motions for a new trial are committed to the discretion of the court. *See McDonough Power Equip. v. Greenwood*, 464 U.S. 548, 556 (1984); *Allied Chemcial v. Daiflon,*

---

[1] Plaintiff Nancy Jones is acting as Executrix of the Estate of Gomer Jones.

*Inc.,* 449 U.S. 33, 36 (1980); *Hinds v. Gen. Motors Corp.*, 988 F.2d 1039, 1046 (10th Cir.1993). Such motion are generally disfavored, and are granted only with great care. *Franklin v. Thompson*, 981 F.2d 1168, 1171 (10th Cir.1992). The burden is on the movant to demonstrate the existence of specific errors. *McDonough Power*, 464 U.S. at 556. A movant contending that a verdict is against the weight of the evidence must show this to be clearly, decidedly, or overwhelmingly so. *Blanke v. Alexander*, 152 F.3d 1224, 1236 (10th Cir. 1998).

Where a court has made findings of fact, Fed.R.Civ.Pr. 52(a)(6) provides that such findings may be set aside only where clearly erroneous. Rule 59(a)(1)(B) specifies that following a non-jury trial, a motion for new trial may be advanced "for any reason for which a rehearing has heretofore been granted in equity in federal court. Rule 59(a)(2) provides generally, that following a non jury trial, a court "may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment."

But "Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir.1998). Instead, Rule 59(a)(2) is intended "'to correct manifest errors of law or fact, or, in some limited situations, to present newly discovered evidence.'" *Waugh v. Williams Cos.*, 323 Fed.Appx. 681, 684 (10th Cir. 2009) (quoting *Lyons v. Jefferson Bank & Trust*, 793 F.Supp. 989, 991 (D.Colo.1992)).

Jones's motion for new trial is devoid of any citation to authorities. Further, while taking issue with most of the court's findings, her only basis for seeking a new trial is that a given finding or conclusion is either "contrary to the great weight of evidence," or that she has uncovered newly-discovered evidence which should alter the finding.

Jones does not challenge the court's first two findings of fact, which incorporate the court's earlier factual findings in its Order on the parties's summary judgment motions, and finding that Gomer Jones agreed to sell Lynn Cole 52 percent of the PDG stock. Jones's challenges to the remaining factual findings are without merit, frequently bordering on the frivolous.

2

For example, Jones challenges Finding of Fact No. 3, which found that the minutes of a November, 1984 PDG meeting confirm the sale. Those minutes note "Lynn Cole representing 272,340 shares of stock" attended the meeting. the meeting. Jones argues that "[r]epresenting does not mean owning" (Dkt. 62, at 2) is not supported by any reasonable interpretation of the minutes of the meeting. The clear import of the minutes, under any fair interpretation, is that Cole attended the meeting as a stockholder. Immediately thereafter, the minutes reflect that Gomer Jones attended the meeting "representing 251,390 shares of stock." (Exh. 402). It is not sensible that the minutes intended the word "represented" to have two completely different meanings within the same sentence. And any doubt about the matter is laid to rest by a further statement in the minutes that, with Cole and Jones "being all stockholders and being present[,] the meeting was called to order." (*Id.*)

Similarly, Jones challenges Finding of Fact No. 4, which notes a newspaper article publicly affirming the 52% stock sale. Jones argues that the article does not amount to a public affirmation of the sale, and that, in any event, the article was not admitted into evidence. Neither contention is correct. The court excluded newspaper articles in its summary judgment order only to the extent that these attempted to state PDG's financial condition. The court was not precluded from noting the public statement of Cole's 52% stake in PDG, together with the complete lack of effort by the Jones family to correct the public record, particularly if it was, in fact, false.

In Finding of Fact No. 5, the court correctly found Nancy Jones had signed a Kansas Domestic Corporation Annual Report containing a statement that Cole owned 272,000 PDG shares. Jones concedes she signed the document, but now complains that she did so "as an employee of PDG pursuant to the direction of Lynn Cole, her boss." (Dkt. 62, at 2). Jones, however, cites no evidencein support of this claim. As a secndary observation, however, the court did not find Jones's testimony credible. More importantly, Jones was also PDG's Treasurer and had an independent and inextinguishable duty to be truthful in corporate reports.

Jones's remaining challenges to factual findings or conclusions of law also fall well short

3

of the strict standard required for a new trial. Each of the court's factual findings is grounded solidly in the record. Jones has wholly failed to identify any finding or conclusion which the evidence does not support.

Jones's remaining arguments are, if anything, further lacking in merit. In challenging Finding of Fact No. 6, Jones argues that a June 12, 1987 letter (Exh. 405) written by Gomer Jones which acknowledged Cole's 52% interest was admitted without foundation and in any event

> [w]e know from Herb Jones' testimony that the other side had provided documents that were forged by doing a cut and paste job on Gomer Jones signature. Thus, just because it has a PDG letterhead and Gomer Jones signature does not mean that it is an authentic document.

(Dkt. 62, at 3). In other words, plaintiff claims the letter is a forgery without anything more than the unsupported assertion that "the other side" cut and pasted documents. plaintff had the opportunity to present evidence of forgeries, if such evidence exits, but she failed to do so, and that time is now long since passed.

More significantly, the challenged exhibit is but one part of the evidence supporting the court's finding that a constructive delivery occurred. Similarly, the court finds that Nancy Jones, as PDG Treasurer and, given her involvement in the facts which gave rise to this case, had a fiduciary duty to PDG and to Cole to present in an active and timely fashion any objection to Cole's ownership interest. She did not do so, and her cannot do so now with any credibility.

Jones's arguments concerning the Court's Conclusions of Law are also insufficient to support a claim for relief. As noted above, Jones's motion does not cite to any case or other legal authority. The court's legal conclusions, including: 1) the Jones-Cole transfer agreement was fully performed; 2) Nancy Jones owed a strict fiduciary duty to all of the stockholders and officers of PDG — including Lynn Cole; and 3) that constructive delivery of stock is both possible under Kansas law and actually occurred under the facts of the present case, are supported in the evidence.

Jones also invokes alleged newly-discovered evidence as a basis for requesting a new trial. This new evidence is the February 6, 1990 deposition of Lynn Cole. Jones argues that defendant produced this deposition in conjunction with other materials the day before trial and, as such, is

"newly-discovered evidence." The court disagrees. First, to be newly-discovered evidence, the evidence must not have been previously unavailable to a party through reasonable care and diligence. Jones has not attempted to rebut the defendant's observation that a transcript of the 1990 Cole deposition resided for a decade in the corporate records of PDG, while those records were under the care and control of Nancy Jones. Second, read in context, the deposition sheds no new light on the written stock transfer agreement.

Turning now to Cole's Motion for Attorney Fees, Cole acknowledges the general American rule that the parties to litigation ordinarily bear their own attorneys' fees, absent some specific agreement or statutory authorization to the contrary. However, citing cases, including *inter alia Mountain West Mines v. Cleveland-Cliffs Iron*, 470 F.3d 947 (10th Cir. 2006), Cole argues that he is entitled to such fees under the exception whereby a litigant who acts in bad faith, vexatiously, or for oppressive reasons may be required to pay fees. The defendant acknowledges that such an award requires a finding of subjective wrongdoing, that plaintiff acted with improper motive or bad intent. (Dkt. 64, at 2).

Cole argues that he has met this burden given the extensive history of the Jones family raising meritless claims as to PDG's property. He first notes thtat Herb Jones unsuccessfully intervened in a foreclosure action to advance a claim for PDG equipment, *National Bank of Andover v. Aero Standard Tooling*, 30 Kan. App. 2d 784, 49 P.3d 547 (2002), *rev. denied* 274 Kan. 1113 (2002), and also filed a separate, but equally unsuccessful, claim against Lynn Cole, Aero Standard Tooling, and PDG for allegedly unpaid consultation fees. Case No. 98-LM-851 (Kan. 13th Judicial Dist. Feb. 19, 1999). Nancy Jones, as executor of the Gomer Jones Estate, first sued Cole on March 27, 1998, seeking a recovery of partnership assets. The case was dismissed and the court awarded attorney fees against Jones.

Nancy advanced another claim against Cole before this court on December 15, 2000, No. 00-1510-JTM (D. Kan.) alleging an ownership interest in PDG, but Jones dismissed this action after defendant filed a Motion to Dismiss. In May of 2002, Jones brought another state action against

Cole, alleging that the estate owned the proprietary rights to PDG's technical property. The state District Court granted summary judgment to the defendant, finding that "that there is nothing in the massive amount of documents produced that would suggest that Gomer Jones is the owner of the subject drawings and proprietary rights." *Jones v. Cole*, No. 02-C-1825 (Kan. 18th Judicial Dist. Aug. 18, 2005). This matter is currently on appeal before the Kansas Court of Appeals.

The court finds the plaintiff's claims were without merit, that Nancy Jones was not a credible witness, and that any contrary ruling as to the ownership interest in PDG would work a stark and manifest injustice. Yet defendant's burden to show subjective bad faith is heavy, and the court is unprepared to reach such a finding. The Jones family has been litigious and their claims found to be without merit, but the facts do not support a finding that they engaged in this litigation in conscious bad faith or in a vexatious or malicious manner.

Cole also argues that award of attorney fees is appropriate under 28 U.S.C. § 2202 and, as an alternative basis for fees, because Gomer Jones warranted the transfer of the ownership interest in the Bill of Sale. The court finds that neither provides an adequate basis to award attorney fees. The cited statute authorizes a court to grant "[f]urther necessary or proper relief" in declaratory judgment actions, and in an appropriate case this may include an award of attorney fees, *Kornfeld v. Kornfeld*, 393 Fed.Appx. 575, 577 (10th Cir. 2010), *Gant v. Grand Lodge of Texas*, 12 F.3d 998, 1003 (10th Cir. 1993), but the standard for an award is no lower than for general civil litigation under the American rule. That is, the scope for any attorney fee award, even under § 2202

> is drawn very narrowly, and may be resorted to only in exceptional cases and for dominating reasons of justice. The stringent standard generally requires a finding by the trial judge of subjective bad faith. [The court must enter] a finding of bad intent or improper motive by the guilty party before awarding attorneys fees under this exception.

*Id.* The court does not find in § 2202 any authority for granting attorney fees in the absence of a finding of bad faith or improper motive.

Similarly, the Bill of Sale includes only a general warranty, and contains no provision for an award of attorney fees. Under Kansas law, "the prevailing party in a lawsuit may recover

6

attorneys' fees where such is *specifically* authorized by... contract." *Neustrom v. Union Pac. R.R.*, 156 F.3d 1057, 1067 (10th Cir.1998) (internal quotation marks omitted, emphasis added). "Absent a statute, there must be express contractual language" authorizing an award of attorney fees. *Chetopa State Bancshares v. Fox*, 6. Kan.App.2d 326, 333, 628 P.2d 249 (1981). Generalized warranty language in the Bill of Sale is insufficient authorization for such an award.

      IT IS ACCORDINGLY ORDERED this 11th day of April, 2011, that the defendant's Motion for Attorney Fees (Dkt. 60) and plaintiff's Motion for a New Trial (Dkt. 62) are both hereby denied.

                                      s/ J. Thomas Marten
                                      J. THOMAS MARTEN, JUDGE